**ZHONG JING LIU, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General; United States Department of Justice, Respondents.**

**No. 08–0504–ag.**

United States Court of Appeals, Second Circuit.

Aug. 21, 2008.

David J. Rodkin, New York, NY, for Petitioner.

Gregory S. Katsas, Acting Assistant, Attorney General; John S. Hogan, Senior Litigation Counsel; Rosanne M. Perry, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Zhong Jing Liu, a native and citizen of the People's Republic of China, seeks review of a December 31, 2007 order of the BIA, affirming the May 24, 2006 decision of Immigration Judge ("IJ") Alan L. Page, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhong Jing Liu,* No. A79 683 106 (B.I.A. Dec. 31, 2007), *aff'g* No. A79 683 106 (Immig. Ct. N.Y. City May 24, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

As an initial matter, the portion of Liu's application for asylum and withholding of removal based on the forced abortion purportedly undergone by his wife is barred by our decision in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir. 2007). In that case, we held that the definition of "refugee," under 8 U.S.C. § 1101(a)(42), did not extend automatically to partners (legally related or otherwise) of individuals who have been forcibly sterilized or forced to have an abortion. *Shi Liang Lin,* 494 F.3d at 309–10. Rather, for the spouse of an individual who was forced to have an abortion or sterilized to be eligible for asylum, the spouse must independently "prove past persecution or a fear of future persecution for 'resistance' that is directly related to his or her own opposition to a coercive family planning policy." *Id.* at 313. Liu has never alleged personal acts of resistance to the family planning policy.

Liu argues that the IJ erred in relying on adverse credibility findings related to his family planning claim to find him not credible regarding his Falun Gong claim. However, contrary to Liu's argument, the IJ also relied on inconsistencies unrelated to his family planning claim to find him not credible with respect to his Falun Gong claim. Moreover, "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted).

Substantial evidence supports the agency's adverse credibility determination.

The IJ properly relied on numerous discrepancies found in the record. For example, Liu repeatedly testified that his wife never returned to their home during her time in hiding. However, when confronted with letters sent from his wife that were addressed from their hometown, Liu testified that she returned home once to get documents, and later testified that his wife returned home seven or eight times. Liu's wife's IUD examination booklet stated that she attended an examination in December 1993 and that she had an IUD in place, contradicting Liu's testimony that his wife did not attend the required quarterly IUD examinations after having her IUD removed in October 1993. Finally, the IJ noted inconsistencies in the dates Liu provided for when his wife went into hiding and for when she was purportedly forced to have an abortion. While Liu offered explanations for these discrepancies, no reasonable fact-finder would have been compelled to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005). Finally, in addition to relying on discrepancies in the record to find Liu not credible, the IJ reasonably relied on Liu's testimony that a smuggler coached him on what to say to immigration officials regarding his Falun Gong claim.

Because Liu does not challenge the agency's denial of his application for CAT relief, any such challenge is waived. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).